## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CATERPILLAR FINANCIAL SERVICES CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, | |
| vs. | |
| HARDROCK SAND & GRAVEL, L.L.C. | |
| SERVE:<br>Kolt Huber, Registered Agent<br>609 Wheatridge Road<br>Garden City, KS 67846 | |
| And | |
| KOLT HUBER | |
| SERVE:<br>609 Wheatridge Road<br>Garden City, KS 67846 | |
| Defendants. | |

Case No. 2:23-cv-2011

### VERIFIED COMPLAINT

COMES NOW Plaintiff Caterpillar Financial Services Corporation ("CFSC"), by and through its attorneys, and for its Verified Complaint against Defendants Hardrock Sand & Gravel, L.L.C. ("**HSG**") and Kolt Huber ("**Huber**"), states and alleges as follows:

### THE PARTIES, JURISDICTION, AND VENUE

1. CFSC is a Delaware corporation whose principal place of business is in Nashville, Tennessee. For citizenship purposes, CFSC is a citizen of the states of Delaware and Tennessee. See 28 U.S.C. § 1332(c)(1); *see also Newsome v. Gallacher*, 722 F.3d 1257, 1267 (10th Cir. 2013).

2. HSG is a Kansas limited liability company. Upon information and belief, the members of HSG are Kolt Huber, who is a citizen of the state of Kansas, Soterios Huber, who is a

1

citizen of the state of Kansas, and Levi Huber, who is a citizen of the state of Kansas. Thus, HSG, is a citizen of the state of Kansas. *See Tilzer v. Davis, Bethune & Jones, LLC and Davis*, 2004 WL 825289, at *2 (D. Kan. 2004).

3. Venue is appropriate pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events or omissions giving rise to CFSC's claims occurred in this district and the defendants are subject to the Court's personal jurisdiction with respect to this action in this district. The claims forming the basis of this Complaint, or a significant portion thereof, arose in that geographical area which is contained within the venue in which this matter is filed.

4. Jurisdiction is proper as there is complete diversity of citizenship between the parties to this action as required by 28 U.S.C. 1332(a).

5. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

## Finance Lease 1 and Guaranty 1

6. CFSC incorporates by reference the allegations of the other paragraphs of its Verified Complaint as though fully set forth herein.

7. On or about October 27, 2016, CFSC and HSG entered into a Finance Lease ("**Finance Lease 1**") whereby CFSC leased a 972M Caterpillar Wheel Loader Serial/VIN # A8P01033 ("**Wheel Loader 1**") to HSG for a term of 60 months. The transaction number for Finance Lease 1 is 2918690. A true and accurate copy of Finance Lease 1 is attached hereto and incorporated by this reference as **Exhibit A**.

8. Pursuant to Finance Lease 1, HSG was to make 60 monthly payments of $6,037.13 to CFSC.

9. Finance Lease 1 provided that, in the event of a default, CFSC may "declare all

Lease Payments due or to become due under [Finance Lease 1] immediately due and payable, including the balance, late payment charges and fees."

10. Finance Lease 1 further provides that, in the event of a default, CFSC is entitled to recover all charges, costs, expenses and reasonable attorney's fees incurred by it in enforcing Finance Lease 1.

11. Kolt Huber, as Managing Member of HSG, signed Finance Lease 1 on its behalf.

12. As further consideration for Finance Lease 1, Huber also executed a Guaranty ("**Guaranty 1**") in favor of CFSC whereby Huber personally agreed to "fully and promptly pay and perform all [HSG's] present and future obligations" to CFSC under Finance Lease 1. A true and accurate copy of Guaranty 1 is attached hereto and incorporated by this reference as **Exhibit B.**

13. Pursuant to Finance Lease 1, CFSC delivered the Wheel Loader to HSG on or about September 20, 2016.

## Finance Lease 2 and Guaranty 2

14. On or about October 27, 2016, CFSC and HSG entered into a second Finance Lease ("**Finance Lease 2**") whereby CFSC leased a 972M Caterpillar Wheel Loader Serial/VIN # A8P01043 ("**Wheel Loader 2**") to HSG for a term of 60 months. The transaction number for Finance Lease 2 is 2918694. A true and accurate copy of Finance Lease 2 is attached hereto and incorporated by this reference as **Exhibit C**.

15. Pursuant to Finance Lease 2, HSG was to make 60 monthly payments of $6,152.72 to CFSC.

16. Finance Lease 2 provides that, in the event of a default, CFSC may "declare all Lease Payments due or to become due under [Finance Lease 2] immediately due and payable,

including the balance, late payment charges and fees."

17. Finance Lease 2 further provides that, in the event of a default, CFSC is entitled to recover all charges, costs, expenses and reasonable attorney's fees incurred by it in enforcing Finance Lease 2.

18. Kolt Huber, as Managing Member of HSG, signed Finance Lease 2 on its behalf.

19. As further consideration for Finance Lease 2, Huber also executed a Guaranty ("**Guaranty 2**") in favor of CFSC whereby Huber personally agreed to "fully and promptly pay and perform all [HSG's] present and future obligations" to CFSC under Finance Lease 2. A true and accurate copy of Guaranty attached hereto and incorporated by this reference as **Exhibit D.**

20. Pursuant to Finance Lease 2, CFSC delivered Wheel Loader 2 to HSG on or about September 20, 2016.

### Default and Demand

21. On October 3, 2019, CFSC sent correspondence (collectively, the "**Demands for Payment of Deficiency Following Sale of Equipment**") to HSG and Huber informing them of the amount remaining due and unpaid under Finance Leases 1 and 2 after sale of Wheel Loader 1 and Wheel Loader 2. A true and accurate copy of the Demands for Payment of Deficiency Following Sale of Equipment, is attached hereto as **Exhibit E**.

22. On December 15, 2022, CFSC sent another Demand Letter (the "**Demand Letter**") to HSG and Huber notifying them of their default and demanding that they pay CFSC all amounts owed. A true and accurate copy of the Demand Letter is attached hereto as **Exhibit F**.

23. Despite the Demand Letter, HSG and Huber have failed to cure their defaults under Finance Leases 1 and 2.

24. In accordance with the terms of the Loan Documents, CFSC has accelerated all

amounts due and owing under Finance Leases 1 and 2.

## COUNT I – BREACH OF FINANCE LEASE 1

25. CFSC incorporates by reference the allegations of the other paragraphs of its Verified Complaint as though fully set forth herein.

26. Pursuant to the terms of Finance Lease 1, HSG was to make sixty (60) monthly payments of $6,037.13 to CFSC.

27. HSG has failed to make the monthly payments as they came due and, therefore, is in default under the terms of Finance Lease 1.

28. CFSC has made demand upon HSG for payment of the sums due under Finance Lease 1, but no payment has been made.

29. All indebtedness owed by HSG pursuant to Finance Lease 1 is currently due and owing to CFSC.

30. The following amounts are currently due and owing to CFSC by HSG pursuant to Finance Lease 1: $148,111.83 as of December 15, 2022 consisting of: $130,982.79 in principal and $17,129.04 in interest, plus interest at the per diem rate of $14.37 from and after December 16, 2022 until paid in full.

31. Finance Lease 1 provides that HSG is liable to CFSC for all charges, costs, expenses and reasonable attorney's fees incurred by CFSC in enforcing Finance Lease 1.

32. CFSC has retained counsel to assist it in its attempt to collect amounts due and owing under Finance Lease 1, for which CFSC has been, and will continue to be, charged costs, attorneys' fees, and expenses.

WHEREFORE, Plaintiff Caterpillar Financial Services Corporation respectfully prays for the entry of judgment against Defendant Hardrock Sand & Gravel, LLC. in the amount of:

$148,111.83 through December 15, 2022, plus interest at the per diem rate of $14.37 from and after December 16, 2022 until paid in full, attorneys' fees and costs incurred in bring this action, and for such other and further relief as the Court deems just and proper.

## **COUNT II – BREACH OF GUARANTY 1**

33. CFSC incorporates by reference the allegations of the other paragraphs of its Verified Complaint as though fully set forth herein.

34. Pursuant to the terms of Guaranty 1, Huber personally agreed to "fully and promptly pay and perform all [HSG's] present and future obligations" to CFSC under Finance Lease 1.

35. As set forth herein, HSG has failed to make the monthly payments as they came due and, therefore, is in default under the terms of Finance Lease 1.

36. Pursuant to Guaranty 1, CFSC has made demand upon Huber for payment of the sums due from HSG under Finance Lease 1, but no payment has been made.

37. All indebtedness owed by Huber pursuant to Finance Lease 1 and Guaranty 1 is currently due and owing to CFSC.

38. The following amounts are currently due and owing to CFSC by Huber pursuant to Finance Lease 1 and Guaranty 1: $148,111.83 as of December 15, 2022 consisting of: $130,982.79 in principal and $17,129.04 in interest, plus interest at the per diem rate of $14.37 from and after December 16, 2022 until paid in full.

39. Finance Lease 1 and Guaranty 1 provide that Huber is liable to CFSC for all charges, costs, expenses and reasonable attorney's fees incurred by CFSC in enforcing Finance Lease 1.

40. CFSC has retained counsel to assist it in its attempt to collect amounts due and

owing under Finance Lease 1 and Guaranty 1, for which CFSC has been, and will continue to be, charged attorneys' fees and expenses.

WHEREFORE, Plaintiff Caterpillar Financial Services Corporation respectfully prays for the entry of judgment against Defendant Kolt Huber in the amount of $148,111.83 through December 15, 2022, plus interest at the per diem rate of $14.37 from and after December 16, 2022 until paid in full, attorneys' fees and costs incurred in bring this action, and for such other and further relief as the Court deems just and proper.

### COUNT III – BREACH OF FINANCE LEASE 2

41. CFSC incorporates by reference the allegations of the other paragraphs of its Verified Complaint as though fully set forth herein.

42. Pursuant to the terms of Finance Lease 2, HSG was to make sixty (60) monthly payments of $6,152.72 to CFSC.

43. HSG has failed to make the monthly payments as they came due and, therefore, is in default under the terms of Finance Lease 2.

44. CFSC has made demand upon HSG for payment of the sums due under Finance Lease 2, but no payment has been made.

45. All indebtedness owed by HSG pursuant to Finance Lease 2 is currently due and owing to CFSC.

46. The following amounts are currently due and owing to CFSC by HSG pursuant to Finance Lease 2: $147,694.55 as of December 15, 2022 consisting of: $130,875.43 in principal and $16,819.12 in interest, plus interest at the per diem rate of $14.11 from and after December 16, 2022 until paid in full.

47. Finance Lease 2 provides that HSG is liable to CFSC for all charges, costs,

expenses and reasonable attorney's fees incurred by CFSC in enforcing Finance Lease 2.

48. CFSC has retained counsel to assist it in its attempt to collect amounts due and owing under Finance Lease 2, for which CFSC has been, and will continue to be, charged costs, attorneys' fees, and expenses.

WHEREFORE, Plaintiff Caterpillar Financial Services Corporation respectfully prays for the entry of judgment against Defendant Hardrock Sand & Gravel, LLC. in the amount of: $147,694.55 as of December 15, 2022 consisting of: $130,875.43 in principal and $16,819.12 in interest, plus interest at the per diem rate of $14.11 from and after December 16, 2022 until paid in full, attorneys' fees and costs incurred in bring this action, and for such other and further relief as the Court deems just and proper.

## **COUNT IV – BREACH OF GUARANTY 2**

49. CFSC incorporates by reference the allegations of the other paragraphs of its Verified Complaint as though fully set forth herein.

50. Pursuant to the terms of Guaranty 2, Huber personally agreed to "fully and promptly pay and perform all [HSG's] present and future obligations" to CFSC under Finance Lease 2.

51. As set forth herein, HSG has failed to make the monthly payments as they came due and, therefore, is in default under the terms of Finance Lease 2.

52. Pursuant to Guaranty 2, CFSC has made demand upon Huber for payment of the sums due from HSG under Finance Lease 2, but no payment has been made.

53. All indebtedness owed by Huber pursuant to Finance Lease 2 and Guaranty 2 is currently due and owing to CFSC.

54. The following amounts are currently due and owing to CFSC by Huber pursuant to

Finance Lease 2 and Guaranty 2: $147,694.55 as of December 15, 2022 consisting of: $130,875.43 in principal and $16,819.12 in interest, plus interest at the per diem rate of $14.11 from and after December 16, 2022 until paid in full.

55. Finance Lease 2 and Guaranty 2 provide that Huber is liable to CFSC for all charges, costs, expenses and reasonable attorney's fees incurred by CFSC in enforcing Finance Lease 2.

56. CFSC has retained counsel to assist it in its attempt to collect amounts due and owing under Finance Lease 2 and Guaranty 2, for which CFSC has been, and will continue to be, charged attorneys' fees and expenses.

WHEREFORE, Plaintiff Caterpillar Financial Services Corporation respectfully prays for the entry of judgment against Defendant Kolt Huber in the amount of $147,694.55 as of December 15, 2022 consisting of: $130,875.43 in principal and $16,819.12 in interest, plus interest at the per diem rate of $14.11 from and after December 16, 2022 until paid in full, attorneys' fees and costs incurred in bring this action, and for such other and further relief as the Court deems just and proper.

Dated: January 6, 2023

Respectfully submitted,

LATHROP GPM LLP

By:   */s/ Brian M Holland*
      Brian M. Holland   KS #19989
      Benjamin C. Struby   KS #22243
      2345 Grand Boulevard Suite 2200
      Kansas City, MO 64108
      Tel.  (816) 292-2000
      Fax.  (816) 292-2001
      brian.holland@lathropgpm.com
      benjamin.struby@lathropgpm.com

**ATTORNEYS FOR PLAINTIFF**

**VERIFICATION**

COUNTY OF DAVIDSON   )
                     )
STATE OF TENNESSEE   )

I, the undersigned, Donna Huber-Smith, being first duly sworn, depose and state that I am a Customer Accounts Specialist for Caterpillar Financial Services Corporation. As such, I have personal knowledge of the facts set forth in the attached Verified Complaint. I have revised the allegations of facts set forth in the Verified Complaint and hereby verify that said facts are true, correct, and accurate.

_____
Donna Huber-Smith
Customer Accounts Specialist II,
Caterpillar Financial Services Corporation

Subscribed and sworn before me this ___7th___ day of January, 2023.

_____
Notary Public

My Commission Expires:

___7-6-26___

50241134v1